IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT MATTHEW LAYNE                                                                      PLAINTIFF

v.                             Civil No. 6:24-cv-06082-SOH-MEF

WELLPATH MEDICAL
(Medical Provider or Arkansas Community Correction)
and
RN KELLY AUNSPAUGH
(Wellpath Employee)                                                                       DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants' Amended Motion for Summary Judgment on the Issue of Exhaustion (ECF No. 44) and Plaintiff's Motion for Restraining Order (ECF No. 52).

**I.     BACKGROUND**

      Plaintiff filed his Complaint on June 10, 2024. (ECF No. 1). On July 23, 2024, the Court entered an Order directing Plaintiff to file an Amended Complaint to address deficiencies in his initial Complaint. (ECF No. 12). Plaintiff submitted his Amended Complaint on August 1, 2024. (ECF No. 17). In his Amended Complaint, Plaintiff alleges that he was detained by Arkansas Community Correction on March 28, 2024, and convicted on May 16, 2024. (*Id*. at 2). Plaintiff is currently incarcerated in the Arkansas Division of Correction (ADC) Randall L. Williams Unit, but his claims center on his incarceration in the ADC Omega Unit. (*Id*. at 4). For his first claim, he alleges that from April 12, 2024, to the time he filed his Amended Complaint, Defendants denied him adequate medical care. (*Id*.). Specifically, he alleges that on the day of his arrival on April 12, 2024, he signed a release for his medical records and provided information via kiosk that

1

he had a bullet lodged in the right ventricle of his heart. (*Id*.). He further informed them that prior to his arrest, he was being seen by a thoracic surgeon at B & H cardiology who ordered that an additional test be done. Plaintiff does not identify the test ordered, but states that he did not receive it. (*Id*. at 4, 6). He alleges he has been seen only by an APRN, not "any sort of real doctor." (*Id*. at 6). He has complained of numerous symptoms related to his cardiac condition but has only been given Tylenol. (*Id*.). He states they have yet to take him to a heart specialist. (*Id*.). Plaintiff proceeds against both Defendants in their individual and official capacity. (*Id*. at 5). He did not provide any facts concerning an official capacity claim, however, instead only providing additional facts concerning his medical condition. (*Id*.).

For his second claim, Plaintiff alleges that on June 4, 2024, Defendant subjected him to "mental abuse/cruel and unusual punishment, threatening Plaintiff." (ECF No. 17 at 7). Plaintiff states he was taken to medical assuming he was going to receive some sort of medical attention. (*Id*.). Instead, Defendant Aunspaugh and Major Otts were sitting in the room. They informed him that he needed to stop asking to see a doctor. Plaintiff alleges that Defendant Aunspaugh told him that his medical condition did not warrant sending him to a real doctor, and if he continued to seek medical help he would be placed in segregation. (*Id*.). Plaintiff proceeds against both Defendants in their individual and official capacity. (*Id*. at 8). For his official capacity claim, he states that each resident at Omega has a right to adequate medical attention and a safe place to serve sentence/rehabilitate without being threatened with punishment for asking for medical care. (*Id*.).

On August 16, 2024, Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion. (ECF No. 25). Plaintiff filed his Response documents on August 23, 2024. (ECF Nos. 33, 34, 35). On September 13, 2024, Defendants filed an Amended Motion for Summary Judgment on the Issue of Exhaustion. (ECF No. 44). On September 16, 2024, the Court entered an Order directing Plaintiff to submit his Response. (ECF No. 51). On September 23, 2024,

Plaintiff filed his Motion for Restraining Order asking to be transferred to somewhere that Wellpath does not control "or otherwise govern the actions of facility." (ECF No. 52). Also on September 23, 2024, Plaintiff filed his Summary Judgment Response documents. (ECF Nos. 53, 54, 55). Plaintiff filed a Notice in Support of his Restraining Order on October 4, 2024. (ECF No. 58).[1]

On November 20, 2024, Wellpath filed a Notice of Bankruptcy and a copy of the Amended Interim Order Enforcing the Automatic Stay entered by the Honorable Alfredo R. Perez, United States Bankruptcy Judge for the Southern District of Texas, Houston Division, on November 12, 2024. (ECF No. 60). The bankruptcy case number is 24-90533 (ARP). In the Interim Order, the Stay was extended to Non-Debtor Defendants. Pursuant to the Bankruptcy Court's Order, this case was stayed and administratively terminated on December 13, 2024. (ECF No. 64).

On May 22, 2025, Defendants filed a Status Report on the bankruptcy proceedings. (ECF No. 74). They explained that the Bankruptcy Court had confirmed the Plan of Reorganization ("Plan") as of May 9, 2025, and that the previously ordered litigation stay had been lifted. (*Id*.); *see also In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx. May 1, 2025) (ECF No. 2,596). This Court subsequently ordered that the litigation stay in this case be lifted, and that the Wellpath Defendants show cause as to the effect of the Plan on Plaintiff's claims. (ECF No. 76). The WellPath Defendants filed a response on June 19, 2025, saying that the Plan permanently enjoins Plaintiff from commencing or continuing any action against WellPath, LLC, and that Plaintiff had opted-out of the third-party releases in the Plan with respect to his individual capacity claims against Defendant Aunspaugh. (ECF No. 78). Accordingly, Plaintiff could proceed in this Court for his individual capacity claims against this Wellpath employee. (*Id*.).

---

[1] This document was labelled as a Response Supplement on docketing.

Defendants[2] argue that summary judgment in their favor is appropriate because Plaintiff failed to exhaust any grievances concerning his claims. (ECF No. 45). They note he filed only one grievance concerning proper medical care in relation to a bullet lodged in his heart. (*Id*. at 3). This Grievance, OM-24-00259, was not appealed to the Deputy Director. Thus, it was not exhausted pursuant to Omega Center Standard Operating Procedure 3.5.2. (*Id*. at 2-3).

Plaintiff does not dispute that he failed to appeal OM-24-00259. (ECF No. 55 at 2 ¶ 4). Instead, he argues that he followed the grievance procedure to the best of his ability. (ECF No. 53 at 3). He argues he was not provided current grievance forms. (ECF Nos. 53 at 4-5; 54 at 2). He argues that the documents submitted to the Court show he submitted two grievances concerning his heart condition. (ECF Nos. 53 at ¶ 3; 55 at ¶ 3). He points to ECF No. 1-1 pages 5-7, and 46-2 at 2. (ECF Nos. 53 at 2; 55 at 2). He argues these documents show that Defendants are attempting to mislead the Court by stating that he only filed one grievance. (ECF Nos. 54 at 1; 53 at 6-7). He also states that he did not appeal document 46-1 at page 4 because he agreed with it being deemed a medical emergency. (ECF No. 53 at 2 ¶ 3).

ECF No. 1-1 at page 5 is a Unit Level Formal Grievance form for OM-24-00239, dated May 31, 2024. Plaintiff indicates on the form that it is a medical emergency. ECF No. 1-1 at page 6 is an Informal Complaint Form dated May 24, 2024. It was responded to on May 30, 2024. Plaintiff indicated that his Complaint had not been resolved. His discussion of why it was not resolved continues onto page ECF No. 1-1 at 7. ECF No. 46-1 at page 4 is the acknowledgment for Grievance OM-24-00259.

Defendants provided a copy of the pertinent grievance policy. Prior to filing a grievance, an inmate should first attempt to resolve the issue informally using an Informal Complaint Form.

---

[2] Wellpath is no longer a Defendant in this case, based on the Bankruptcy Plan. As the Motion for Summary Judgment was submitted prior to the Bankruptcy, however, the Court will refer to both Defendants as was originally submitted for consistency.

(ECF No. 46-2 at 1). If the Informal Complaint is not successful, the inmate should then submit a Formal Unit Level Grievance Form. (*Id*. at 3). Emergency medical issues are exempt from the requirement to start with the Informal Complaint. (*Id*. at 2). To appeal a grievance decision, an inmate may use the Appeal Form, the back of the Center Supervisors decision, or, in the case of a rejection, in the space provided on the Unit Level Grievance Form. (*Id*. at 5).

Defendants also provided a copy of Plaintiff's Grievance OM-24-00259. Plaintiff signed the Unit Level Formal Grievance on May 31, 2024. (ECF No. 46-1 at 5). He described the situation as an emergency. He indicated that he had submitted an informal Complaint Form on the issue prior to submitting the Formal Complaint. (*Id*.). Receipt of the Grievance was acknowledged on May 31, 2024, and the Grievance was "determined to be an emergency situation, as you so indicated." (*Id*. at 4). Plaintiff's grievance was found to be without merit on June 14, 2024. (*Id*. at 3). The form which detailed the denial provided space on the same piece of paper for the inmate to initiate an appeal. (*Id*.).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient

5

evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.    ANALYSIS

Plaintiff failed to exhaust his administrative remedies concerning his claims in this case. The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance

procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

Review of the summary judgment record indicates that Plaintiff initiated a single grievance concerning medical care for his heart condition, and that he failed to exhaust it. He filed an Informal Complaint Form dated May 24, 2024. It was responded to on May 30, 2024. He then submitted the Formal Unit Level Grievance form for Grievance OM-24-00259 on May 31, 2024. It was acknowledged received that same day and noted that he had characterized it as an emergency situation. Grievance OM-24-00259 was found to be without merit on June 14, 2024. The denial had a space on the same piece of paper for Plaintiff to initiate an appeal. He was not required to locate another form to begin an appeal. The summary judgment record indicates he did not pursue an appeal. Plaintiff does not dispute that he failed to appeal the grievance.

Plaintiff, therefore, failed to exhaust his administrative remedies regarding his claims. No question of material fact remains, and Defendants are entitled to summary judgment as a matter of law.

### IV. CONCLUSION

Accordingly, it is RECOMMENDED that Defendants' Amended Motion for Summary Judgment on the Issue of Exhaustion (ECF No. 44) be GRANTED and Plaintiff's Amended Complaint (ECF No. 17) be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that Plaintiff's Motion for Restraining Order (ECF No. 52) be DENIED as MOOT.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of November 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE